## A. C. FLOWERS v. STATE.

No. A-4632. Opinion Filed Jan. 24, 1925.
Rehearing Denied Feb. 21, 1925.
(232 Pac. 958.)

(Syllabus.)

**Intoxicating Liquors—Unlawful Possession—Evidence Sufficient.** Evidence, upon the trial of an indictment for unlawful possession of intoxicating liquor, considered, and conviction affirmed.

Appeal from County Court, Stephens County; Eugene Rice, Judge.

A. C. Flowers was convicted of unlawful possession of intoxicating liquor, and appeals. Affirmed.

E. H. Bond, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   Under an indictment returned in the district court of Stephens county, and duly transferred to the county court, charging that in said county on the 4th day of November, 1922, A. C. Flowers did have in his possession about five gallons of whisky, with intent to sell the same, he was convicted and his punishment fixed at a fine of $50 and confinement for 30 days in the county jail. He has appealed from the judgment rendered on the verdict and assigns as error that the evidence is insufficient to support the verdict.

The evidence shows that on the date alleged, J. A. Brown, together with J. W. Willis and Carl Ray, all officers and acting under the authority of a legally issued search warrant, went to a house occupied by the defendant for the

purpose of searching the premises for intoxicating liquors. When the officers arrived at the house, they noticed that all the window shades were down except two on the southeast corner. The defendant was sitting inside one of these windows. When he saw the officers, he jumped up and ran to the bath room, which was on the west side of the house. Willis and Ray went around the west side towards the back door, and as they passed the bath room window they heard some one flush the toilet. They found the back door locked; the defendant later let them in.

Brown testified:

"I knocked on the door, When he unlocked it, I ran into the toilet, and it was practically full of whisky. We dipped up two bottles of whisky out of the stool. There was a five-gallon churn that had whisky in it and a three-gallon jug that had whisky in it. There was a small pitcher there with a spout to it and some pint bottles. There was about a gallon of whisky in the stool."

The testimony of Willis and Ray was substantially the same as that of this witness.

At the close of the state's evidence the defendant demurred to the evidence and moved the court to advise the jury to return a verdict of not guilty, for the reason that the evidence shows that there was not to exceed one gallon of whisky in his possession, and that it is not shown that he had it for an unlawful purpose, which motion was overruled and exception allowed.

As a witness in his own behalf, A. C. Flowers testified that he had just a pint, and had taken a drink when he saw the officers coming, and he stepped into the bath room and poured it into the toilet; that he did not have this whisky with intent to sell the same.

On cross-examination he admitted that he had been convicted twice of violating the prohibitory liquor laws, and had been convicted in the federal court at Wichita Falls,

Tex., for conspiracy to violate the prohibitory liquor laws and served a term in the federal penitentiary.

We see no reason to doubt that this conviction was warranted by the evidence, and, finding no error prejudicial to the defendant, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.